637 A.2d 475

Wayne Nelson DAVIS

v.

Bernadette DiPINO, et al.

No. 24, Sept. Term, 1993.

Court of Special Appeals of Maryland.

Feb. 23, 1994.

Peter Ayers Wimbrow, III, Ocean City, for appellant.

Guy R. Ayres, III (Ayres, Jenkins, Gordy & Almand, P.A. on the brief), Ocean City, for appellees DiPino, Mayor and City Council.

Julia M. Freit, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee Turner.

Argued before MOYLAN, WENNER and MURPHY, JJ.

MURPHY, Judge.

Wayne Nelson Davis, appellant, a resident of Ocean City, Maryland, was arrested on a warrant obtained by Bernadette DiPino, a sworn officer of the Ocean City police Department. DiPino is one of three appellees who are alleged to have violated appellant's rights under 42 U.S.C. § 1983 ("1983") and under the Maryland Constitution. The other appellees are DiPino's employer, the Mayor and City Council of Ocean City (Ocean City), and Donald E. Turner, the District Court Commissioner who issued the warrant. We conclude that appellant's complaint fails to state a claim upon which relief can be granted.

On July 5, 1991, DiPino presented Commissioner Turner with an APPLICATION FOR STATEMENT OF CHARGES in which she alleged that, on May 12, 1991, Davis

> did knowingly and willfully advise an unknown white male as to the identity and occupation of the writer and Det.

Alice J. Brumbley. Writer and Brumbley were working in an undercover capacity on Wicomico Street, Ocean City, Worcester County, Maryland. While entering a vehicle writer and Brumbley observed the above named defendant state to an unknown white male 'Look those two girls are narcs' Narcs being a derogatory street term for a narcotics officer. This statement was said in a loud enough voice as so the Detectives, approximately three (3) yard [sic] away, could hear and any passerby could also hear placing the Detectives in extreme danger and compromising their cover.

Based on those allegations, Commissioner Turner decided to charge Davis with two counts of "obstructing and hindering," and to issue an arrest warrant even though Davis's home address appeared on DiPino's APPLICATION. On July 6, 1991, Davis was arrested at his place of employment and brought before Commissioner Turner, who scheduled an October 2, 1991 trial date, and set a bail in the amount of $50,000.00. Davis was unable to post bail until July 8th. On October 2nd, the State entered a nolle prosequi to each charge.

Davis then filed a nine count complaint in the Circuit Court for Worcester County, seeking money damages from DiPino and Ocean City, and requesting injunctive and declaratory relief against Turner. Count I alleged that DiPino had violated appellant's rights under 42 U.S.C. § 1983; Count II alleged that DiPino had violated appellant's rights under Articles 21, 24, 26 and 40 of the Maryland Declaration of Rights; Count III contained a "false arrest/imprisonment" claim against DiPino and Ocean City; Count IV contained a malicious prosecution claim against DiPino and Ocean City; Count V contained an abuse of process claim against DiPino and Ocean City; Count VI contained an intentional infliction of emotional distress claim against DiPino and Ocean City; Count VII contained a 1983 and Maryland constitutional claim against Ocean City for its failure to "instruct, supervise, control and discipline" DiPino; Count VIII sought injunctive and declaratory relief against Turner under 42 U.S.C. § 1983; Count IX

sought injunctive and declaratory relief against Turner under Articles 24 and 26 of the Maryland Declaration of Rights.

Appellees moved for summary judgment on the basis of affidavits filed by DiPino and Turner. Davis filed an affidavit in opposition to those motions. After hearing argument of counsel, the circuit court granted summary judgment in favor of each appellee. This appeal followed.

Each of the parties has presented a different question for our review. Appellant asks:

Did the lower court err in granting defendants summary judgment?

A. Was Detective DiPino entitled to qualified immunity in the claim brought pursuant to 42 U.S.C. Sec. 1983?

B. Was a compensable violation of Plaintiff's rights (,) protected by the Declaration of Rights, committed by Detective DiPino?

C. Did Detective DiPino conclusively demonstrate an absence of malice with regard to Plaintiff's common law claims?

D. Even if Detective DiPino is entitled to qualified immunity, is Ocean City entitled to judgment on the 42 U.S.C. Sec. 1983 claim?

E. Was the STATEMENT OF CHARGES properly issued by Commissioner Turner?

F. Was there sufficient evidence that Mr. Davis would "... not respond to a Summons" to justify issuing an arrest warrant?

DiPino and Ocean City ask:

"Did the trial court correctly grant summary judgment for Bernadette DiPino and Mayor and City Council of Ocean City?"

Commissioner Turner asks:

"Did the trial court correctly grant summary judgment for Turner in view of the fact that Davis sought only injunctive

or declaratory relief against Turner but alleged only a past injury that was unlikely to recur?"

In the arguments presented to us, each of the parties has urged that we accept as true those assertions of disputed fact that support his or her contentions, and has ignored those assertions of disputed fact that undermine his or her contentions. Appellees were not entitled to summary judgment on the basis of the affidavits filed by DiPino and Turner. We are persuaded, however, that each count of appellant's complaint failed to state a claim upon which relief can be granted. We therefore affirm the circuit court's decision to terminate the proceedings.

## I.

### *Davis v. DiPino*

To state a 1983 claim upon which relief can be granted against DiPino, the complaint must allege facts that—if proven to be true—would establish:

(1) the defendant-officer engaged in activity that violated one of the plaintiff's federal constitutional rights,

(2) at a time when that particular constitutional right had been clearly established, and

(3) under circumstances in which no reasonable officer would fail to realize that such activity constituted a violation of the plaintiff's rights.

*Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987); *Hunter v. Bryant,* —— U.S. ——, ——, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991). To state a Maryland constitutional claim upon which relief can be granted against DiPino, the complaint must allege facts that—if proven to be true—would establish:

(1) The defendant-officer engaged in activity that violated one of the plaintiff's Maryland constitutional rights, and

(2) The defendant-officer engaged in such activity with actual malice toward the plaintiff.

■ There are important differences between actions filed pursuant to 42 U.S.C. § 1983 and actions based on a violation of the Maryland constitution. The federal constitutional right that the plaintiff claims has been violated must have been "clearly established" at the time of the alleged violation. No appellate decision has addressed the issue of whether the Maryland constitutional right must have been clearly established at the time of the alleged violation. Law enforcement officers have a judicially created qualified "immunity from suit" in 1983 actions. *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985).

■ In the absence of a statute, "an official who violates an individual's rights under the Maryland constitution is not entitled to any immunity, and … the presence or absence of malice is pertinent only to the question of punitive damages." *Clea v. City of Baltimore,* 312 Md. 662, 684, 541 A.2d 1303 (1988). There is however, a statutory immunity that is applicable to this case. Md.Code Ann.Cts. & Jud.Proc. art. § 5–321(b)(1) (1991 Repl.Vol.) provides:

> An official of a municipal corporation, while acting in a discretionary capacity, without malice and within the scope of the official's authority, is immune as an official or individual from civil liability for the performance of the action.

■ The parties agree that C.J. 5–321(b)(1) has an important operative effect on Maryland constitutional and non-constitutional claims against sworn law enforcement officers of a municipal corporation's police department. It assigns to the plaintiff the burden of pleading—and proving—that the defendant-officer acted with "malice." In a 1983 claim, malice is established by proof that the defendant-officer (a) violated a clearly established constitutional right of the plaintiff (b) under circumstances in which no reasonable officer would fail to realize that his or her conduct was a violation of appellant's rights. *Anderson, supra,* 483 U.S. at 641, 107 S.Ct. at 3040. In claims based on Maryland law, malice is established by proof that the defendant-officer "intentionally performed an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to

deliberately and willfully injure the plaintiff." *Leese v. Baltimore County,* 64 Md.App. 442, 480, 497 A.2d 159 (1985).

Appellant's obligation to plead and prove malice makes the following principles applicable to each of his claims against DiPino. We must assume the truth of every fact asserted in the complaint. *Cox v. Prince George's County,* 296 Md. 162, 169, 460 A.2d 1038 (1983). If the particular facts that have been alleged are sufficient to establish malice, DiPino is not entitled to summary judgment merely because she has filed an affidavit in which she denies that she acted with malice. *Di Grazia v. County Exec. for Mont. Co.,* 288 Md. 437, 445, 418 A.2d 1191 (1980). *Clea, supra,* 312 Md. at 677–678, 541 A.2d 1303 (1988). If the particular facts that have been alleged are not sufficient to establish malice, DiPino is entitled to a dismissal for failure to state a claim upon which relief can be granted. *Sawyer v. Humphries,* 82 Md.App. 72, 86, 570 A.2d 341 (1990), rev. on other grounds, 322 Md. 247, 587 A.2d 467 (1991). Appellant contends that he has satisfied the burden of pleading malice and must be given an opportunity to prove that what he has alleged is true.

It is the particular complaint that frames the precise issue before us. *Bourexis v. Carroll County Narcotics,* 96 Md.App. 459, 473, 625 A.2d 391 (1993). The essence of appellant's complaint against DiPino is found in Count I, where the following paragraph appears:

"6. No properly trained police officer could reasonably believe that the allegations contained in the APPLICATION FOR STATEMENT OF CHARGES constitute a crime."

We must determine whether that assertion is sufficient to establish that DiPino acted with malice when she presented her APPLICATION to Commissioner Turner.

The obligations of a law enforcement officer who presents an APPLICATION FOR STATEMENT OF CHARGES to a judicial officer are identical to the obligations of a civilian. The rights of an officer who presents such an APPLICATION are also identical to the rights of a civilian. When the plaintiff's claim is based on the fact that the defendant initiated a criminal prosecution of the plaintiff by

presenting an APPLICATION FOR STATEMENT OF CHARGES to a District Court Commissioner, the complaint must allege that the APPLICATION contains false or misleading material facts and must identify with particularity those factual assertions made in the APPLICATION that are false or misleading. Malice against either the officer-applicant or the civilian-applicant could be inferred from proof that he or she knowingly presented the commissioner with false or misleading information. *Brown v. Dart Drug,* 77 Md.App. 487, 492–493, 551 A.2d 132 (1989). Such behavior would be criminal. Md.Code Art. 27 § 151 (1957, 1992 Repl.Vol.). Malice is absent as a matter of law, however, if the material facts asserted by the applicant are true and correct. *Mertens v. Mueller,* 122 Md. 313, 322–323, 89 A. 613 (1914), *Wood v. Palmer Ford,* 47 Md.App. 692, 701, 425 A.2d 671 (1981), *aff'd.* in part and *rev'd.* in part on other grounds, 471 A.2d 297, 298 Md. 484 (1984), on remand 65 Md.App. 390, 500 A.2d 1055 (1985).

Appellant's complaint contains seventy numbered paragraphs and six exhibits, including DiPino's APPLICATION, but it does not allege that DiPino presented Turner with false or misleading information.[1] Because the complaint does not allege that the facts asserted in DiPino's APPLICATION are false or misleading, appellant has failed to state any claim upon which relief can be granted against DiPino.

## II.

### *Davis v. Turner*

Judicial officers enjoy absolute immunity from damage actions. *Rice v. Dunn,* 81 Md.App. 510, 517, 568 A.2d

---

1. The complaint alleges in several places that DiPino knew or should have known that Davis did not commit any crime. In paragraph 2 of Count V, the complaint alleges that DiPino "was motivated by ... fraudulent and false intentions." Paragraph 5 of that count contains an allegation that "DiPino has made fraudulent use of the criminal laws ... in a false and malicious manner and has done so to the injury of the Plaintiff." These allegations attack DiPino's motive for filing charges, but do not contradict DiPino's version of what Davis said and did on the occasion in question.

1125 (1990), *Parker v. State,* 92 Md.App. 540, 551, 609 A.2d 347 (1992), *cert. granted,* 328 Md. 462, 615 A.2d 262 (1992). Absolute immunity, however, does not apply to actions seeking declaratory and/or injunctive relief. *Pulliam v. Allen,* 466 U.S. 522, 528, 104 S.Ct. 1970, 1974, 80 L.Ed.2d 565 (1984). The essence of appellant's complaint against Turner is found in Count VIII, where the following paragraphs appear:

15. That in this case, Defendant Donald E. Turner ignored the requirements of Rule 4–212(d)(1), Md.Rules of Crim. Proc. when he issued a warrant for plaintiff's arrest, instead of a criminal summons.

16. Plaintiff had the right not to be arrested, unless the findings required by Rule 4–212(d)(1)(A), Md.Rules of Crim. Proc. were made.

17. Defendant Donald E. Turner and all other District Court Commissioners routinely ignore the requirements of Rule 4–212(d)(1), Md.Rules of Crim.Proc., upon issuing a warrant in that there is never a finding that there is probable cause to believe that any one of the four criteria are present before an arrest warrant is issued.

We are persuaded that Commissioner Turner should have issued a summons [2] in this case. Officer DiPino decided

---

**2.** Md.Rule 4–212(d) provides, in pertinent part:

**(a) General.**—When a charging document is filed or when a stetted case is rescheduled pursuant to Rule 4–248, a summons or warrant shall be issued in accordance with this Rule.

**(b) Summons—Issuance.**—*Unless a warrant has been issued,* or the defendant is in custody, or the charging document is a citation, a summons shall be issued to the defendant (1) in the District Court, by a judicial officer or the clerk, and (2) in the circuit court, by the clerk. The summons shall advise the defendant to appear in person at the time and place specified or, in the circuit court, to appear or have counsel enter an appearance in writing at or before that time. A copy of the charging document shall be attached to the summons. A court may order the reissuance of a summons.

**(c) Summons—Service.**—The summons and charging document shall be served on the defendant by mail or by personal service by a sheriff or other peace officer, as directed (1) by a judicial officer in the District Court, or (2) by the State's Attorney in the circuit court.

**(d) Warrant—Issuance.—**

to wait forty-three days before applying for a charging document. In light of that delay and the assertions contained in DiPino's APPLICATION, we do not agree that there was "a substantial likelihood" that Davis would not respond to a summons. Appellant is not, however, entitled to injunctive or declaratory relief.

■ The issuance of a summons rather than a warrant is not required by the United States Constitution or by the Constitution of Maryland. No consequences of noncompliance with Rule 4–212 are prescribed by rule or by statute. Md. Rule 1–201(a) states, in pertinent part:

> When a rule, by the word "shall" or otherwise, mandates or prohibits conduct, the consequences of noncompliance are those prescribed by these rules or by statute. If no consequences are prescribed, the court may compel compliance with the rule or may determine the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule.

The purpose of Rule 4–212 is to direct how a judicial officer should proceed when he or she has decided that a defendant ought to be charged with a crime. We hold that civil actions for declaratory or injunctive relief are not among the consequences of noncompliance with Rule 4–212. The claims against Commissioner Turner fail because appellant is not entitled to assert a private cause of action based on a judicial officer's decision to issue an arrest warrant rather than a summons.

---

(1) *In the District Court.*—A judicial officer may, and upon request of the State's Attorney shall, issue a warrant for the arrest of the defendant, other than a corporation, upon a finding that there is probable cause to believe that the defendant committed the offense charged in the charging document and that (A) the defendant has previously failed to respond to a summons that has been personally served or a citation, or (B) there is a substantial likelihood that the defendant will not respond to a summons, or (C) the whereabouts of the defendant are unknown and the issuance of a warrant is necessary to subject the defendant to the jurisdiction of the court, or (D) the defendant is in custody for another offense. A copy of the charging document shall be attached to the warrant.

This case does not raise the issue of what rights Md.Rule 4-212 confers on a criminal defendant. Appellant's complaint presents the narrow question of whether declaratory and/or injunctive relief can be entered against a judicial officer alleged to be issuing arrest warrants for defendants who are likely to appear for trial if charged by summons. Because our answer to that question is "no," we affirm the judgments on Counts VIII and IX.

## III.

*Davis v. Mayor & City Council of Ocean City*

If we had reached a different conclusion with respect to appellant's claims against DiPino, we would have reversed the judgment entered on Count VII. Ocean City may well have a successful defense to appellant's 1983 claims, but it does not have absolute immunity from them. *Owen v. City of Independence,* 445 U.S. 622, 638, 100 S.Ct. 1398, 1409, 63 L.Ed.2d 673 (1980). Under the circumstances of this case, however, in which there is no assertion that DiPino's APPLICATION contains false or misleading information, appellant's claims against Ocean City cannot survive the dismissal of his claims against DiPino.

**JUDGMENTS AFFIRMED; APPELLANT TO PAY THE COSTS.**