**David Carl DOWNEY**

v.

**Officer Kevin Martresse COLLINS, et al.**

**Civ. No. Y–94–1518.**

United States District Court,
D. Maryland.

Oct. 12, 1994.

Robert D. Clark, Esquire, Catonsville, MD, for plaintiff.

Judson P. Garrett, Jr., County Atty., and John F. Breads, Asst. County Atty., Annapolis, MD, for defendants.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

The plaintiff seeks damages from defendants Kevin Collins, an officer with the Anne Arundel County police department, and Anne Arundel County allegedly resulting from an excessively forceful arrest and detention. One claim is grounded in federal law and two claims are based on state law. The defendants have moved for dismissal or summary judgment on the state claims.

On June 6, 1993, Collins and another officer responded to a call complaining of a drunk and disorderly patron at a bar in the Holiday Inn, Annapolis. Upon arrival, Collins questioned and then arrested Downey. Subsequently, Collins allegedly punched, kicked, and violently pushed the plaintiff causing various injuries.[1]

The plaintiff does not remember what happened to him during the night of June 6 and the early morning of the following day. His recollection, and senses, returned sometime after being released on his own recognizance the next day when he found himself to be in a great deal of pain. He went to an attorney and told him that, although he had little memory of the arrest and detention, he did have the name and phone number of a witness to the events.

After a number of futile efforts by the attorney to contact that witness in July and August, he was located on September 20. The witness described the details of the alleged beating, and the attorney then initiated a fuller investigation. On October 10, the attorney requested information from the State's Attorney, including police records and 911 tapes, relating to the arrest of the plaintiff. The attorney was told that the events surrounding the arrest were being investigat-

---

1. As the defendants' motion for judgment is based exclusively upon procedural and immunity defenses, the allegation of apparently excessive force is presumed.

ed and that some of the requested materials were temporarily unavailable.[2]

On January 21, 1994, Downey notified the County Attorney of his impending claim in an apparent effort to comply with § 5–404 of the Local Government Tort Claims Act, Md. Cts. and Jud.Proc.Code Ann. (1989 Rep.Vol) §§ 5–401 et seq.[3] On June 3, suit was filed alleging violation of federal statutory and constitutional law, violation of state constitutional law, and common law battery.

The defendants' motion sets forth two grounds for dismissal of, or judgment on, the state claims in the suit. First, the defendants argue that the plaintiff's failure to adhere to the requirements of the Local Government Tort Claims Act absolutely precludes recovery. Second, the defendants' motion asserts that judgment against Anne Arundel County is barred by sovereign immunity.[4]

The defendants assert that § 5–404(a) of the Local Government Tort Claims Act, "... states, in pertinent part, that 'an action for unliquidated damages may not be brought against a local government or its employees unless the notice of claim required by this section is given within 180 days after the injury.'" Apparently, the defendants do not attribute any importance to the fact that § 5–404(a) begins: "Except as provided in subsection (c) of this section...." Subsection (c) states: "Notwithstanding the other provisions of this section, unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice, upon motion and for good cause shown the court may entertain the suit even though the required notice was not given."

[Typically], a plaintiff must notify the municipality to be sued, and indeed plead notification in the complaint, in compliance with § 5–404(a) to avail himself of the immunity waiving provisions of the Act. See, Madore v. Baltimore County, 34 Md.App. 340, 342, 367 A.2d 54 (1976).[5] If the terms of subsection (c) are met, however, a failure to notify does not mandate dismissal. The plaintiff acknowledges that he failed to file notice before the statutory deadline,[6] but argues pursuant to subsection (c) that this Court should find that the delay did not prejudice the defendant and was for good cause and thus his suit is not precluded.[7]

In response, the defendants implicitly concede that they were not prejudiced by the delay. With more than four months between notification and the filing of suit, the ability of Anne Arundel County and Collins to defend themselves was never seriously threatened by the lack of formal notice. Nonetheless, the defendants argue that the suit should be barred because the plaintiff did not have good cause for the delay.

The matter of good cause is a more difficult issue, but ultimately its resolution does preclude the plaintiff from bringing suit under the Local Government Tort Claims Act. Good cause, as referred to in § 5–404, has not been defined by the courts in this context. The most explicit general definition of good cause in the context of notice requirements is found in Madore v. Baltimore County, 34 Md.App. at 345, 367 A.2d 54, where the court found good cause to be a test, "... of ordinary prudence, that is, whether the claimant prosecuted his claim

2. It is unclear when the plaintiff received the bulk of those materials, although the plaintiff has apparently not received the 911 tapes and certain police reports.

3. Generally, this Act waives the sovereign immunity of political subdivisions and the qualified immunity of employees of those subdivisions for certain purposes, defines responsibilities of indemnification and representation between subdivisions and their employees, and establishes the technical requirements of the Act for subdivisions, employees, and injured third parties.

4. While the answer filed for Collins suggests a defense of qualified immunity, the motion itself

only addresses sovereign immunity as to the liability of Anne Arundel County.

5. Madore involved the predecessor statute to the Local Government Tort Claims Act and contained similar notice requirements.

6. The notification was more than 45 days late.

7. The determination of the existence or non-existence of prejudice and good cause for the purposes of the notice requirement have been, "clearly committed ... to the discretion of the court." Madore v. Baltimore County, 34 Md.App. at 342, 367 A.2d 54.

with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances."

The plaintiff cites two factors contributing to the delay in notification that he argues evidence good cause for that delay. First, he asserts that he did not discover his injury until the testimony of the witness given nearly three months after the fact. However, plaintiff still had more than three months in which to give notice, making this argument for delay inadequate.

Second, the plaintiff points to the failure of County employees to respond to requests for certain materials. If this information was critical to the plaintiff's determination if a claim existed, then an ordinarily prudent person might wait until the needed information was at hand to notify the county of a potential claim. However, when the witness' testimony alone was sufficient to suggest to the plaintiff that a claim might exist notification should have been given.

Ultimately, a reasonably prudent plaintiff in the same circumstances would have filed notice within the statutory deadline. There has been no good cause shown for the delay, and subsection (c) is not applicable. The failure of the plaintiff to timely notify pursuant to the Local Government Tort Claims Act bars the plaintiff from bringing suit under the Act. Consequently, the Court need not consider the defendants' second contention that sovereign immunity precludes suit against the County.

One issue as to the liability of Collins individually remains to be resolved despite the fact that it was not directly raised by the parties—whether the notice requirement of § 5–404 is applicable to a tort claim based in part, as here, on unconstitutional acts.

It has been held that an unconstitutional act is necessarily beyond the scope of any federal governmental employee's official capacity. *See, U.S. v. Yakima Tribal Court,* 806 F.2d 853, 859 (9th Cir.1986). Certainly this holding, which defines the outer boundary of a government employee's qualified immunity, must also apply to state and local employees. The constitutional violations asserted by the plaintiff suggest that Collins was acting beyond the scope of his office.

Section 5–403 of the Local Government Tort Claims Act, which defines the scope of liability created by the Act, states that immunity is waived, in part, ... "for damages resulting from tortious acts ... committed by the employee within the scope of employment with the local government." It has been held that "[n]otice is not required where an action is based on alleged conduct outside the scope of employment...." *Ennis v. Crenca,* 322 Md. 285, 292, 587 A.2d 485 (1991). If Collins violated the constitutional rights of the plaintiff, or otherwise acted in excess of the scope of his employment, then the Local Government Tort Claims Act specifically would not provide the basis for Collins potential liability and no notice requirement should be imposed for any claims arising out of such actions.

The facts material to consideration of the application of subsection (c) of the notice requirement are not in dispute. The plaintiff has failed to satisfy that requirement, and no good cause for that failure has been shown. All state claims against Anne Arundel County are therefore dismissed with prejudice.

The notice requirement is inapplicable to Collins individually to the extent his actions exceeded the scope of his employment. No basis for dismissal other than the notice requirement has been asserted by the defendants as to Collins individually. Dismissal will therefore be denied as to defendant Collins.

### ORDER

In accordance with the attached Memorandum, it is this 12th day of October, 1994, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendants' Motion for Summary Judgment BE, and the same IS, hereby GRANTED in part and DENIED in part;

2. That judgment BE, and the same IS, hereby ENTERED in favor of Defendant Anne Arundel County for Counts II and III.