James **MARTINO**, et al.

v.

Jacob G. **BELL**, IV, et al.

No. Civ. L.–98–283.

United States District Court,
D. Maryland.

March 17, 1999.

Joseph F. McBride, of Silver Spring, Maryland, for plaintiffs.

Rebecca A. Laws, Howard County Solicitor, and Barbara M. Cook, Assistant Howard County Solicitor, of Ellicott City, Maryland, for defendants.

## MEMORANDUM

LEGG, District Judge.

Now before the Court are two Motions to Dismiss, or, in the alternative, for Summary Judgment. The motion filed by Howard County, Maryland seeks dismissal of all counts in the Complaint, both state and federal. The individual defendants, Howard County Police Officers Jacob Bell and Duane Pierce, have moved to dismiss only the state law claims against them. For the reasons stated herein, both Motions to Dismiss shall be, by separate Order, GRANTED.

### I.  Background

This case arises from the detention and arrest by Howard County Police Officers of James Martino, his wife, Rebecca Martino, and their son, Jason Martino. Officers Jacob Bell and Duane Pierce visited the Martino home at approximately 10:30 P.M. on the evening of July 16, 1996. The officers were investigating an assault that had occurred earlier in the day; they wished to question Michael Hayes, who had been involved in the assault. Hayes was an acquaintance of Jason Martino. The officers had information that Hayes was at the Martino residence. (Compl. at ¶ 7).

Hayes and Jason Martino, both then 16 years of age, came to the door of the Martino residence to speak with the officers. The officers smelled marijuana on Hayes' clothing; they also spotted what looked like marijuana on Hayes' shirt. The officers placed Hayes under arrest. When James Martino, Jason's father, came to the door, the officers asked for permission to search the Martino home. After permission was denied, the officers informed James and Jason Martino that

they were being detained and the house was being seized. (Compl. at ¶ 14).

The officers then conducted a protective sweep of the home and moved all the occupants into the living room.[1] At approximately 3:30 A.M. on July 17, 1996, a search warrant was obtained and the house thoroughly searched. The officers found and seized: i) marijuana, ii) marijuana paraphernalia, and iii) approximately $2,000 in cash. Following the search, at about 7 A.M., James, Rebecca, and Jason Martino were taken in handcuffs to a Howard County Police Station and processed. James and Rebecca Martino were charged with possession of marijuana and possession of drug paraphernalia. Jason Martino, a minor, was referred for juvenile proceedings. On or about January 17, 1997, the charges were nol prossed by the State's Attorney for Howard County.

The present suit was filed by the plaintiffs on January 30, 1998. The complaint contains 35 counts. The three plaintiffs have each brought identical claims, with one exception, meaning that the complaint actually contains 12 different counts, each pled separately by the three plaintiffs.[2] Counts 1–12 are brought by James Martino. Counts 1–4 and 9 allege violations of the Fourth Amendment of the United States Constitution. Counts 5–7 are brought under the Maryland Declaration of Rights. Counts 10–12 are for the common law torts of wrongful arrest, false imprisonment, and malicious prosecution, respectively. Counts 13–35 contain the same allegations with respect to plaintiffs Rebecca and Jason Martino.

In lieu of an answer, Howard County has filed a motion to dismiss or for summary judgment on all counts. The individual defendants have moved for dismissal or summary judgment only on the state law claims. The Court has reviewed the

pleadings and finds that a hearing will not be necessary. *See* Local Rule 105.6 (D.Md.1997).

## II. Discussion

The Court finds that the issues presented can be determined entirely from the face of the complaint and will treat the defendants' Motions as Motions to Dismiss under FED.R.CIV.P. 12(b)(6). A complaint should not be dismissed for failure to state a claim under 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Labram v. Havel*, 43 F.3d 918, 920 (4th Cir.1995). The Court must accept all well-pleaded allegations and should review the complaint in a light most favorable to the plaintiff. *See DeSole v. United States*, 947 F.2d 1169, 1171 (4th Cir.1991).

With these principles in mind, the Court shall examine each of the Martinos' claims and the arguments presented by the defendants. The complaint contains three types of claims: (i) federal constitutional violations, (ii) common law torts, and (iii) violations of the Maryland Declaration of Rights. Each category will be addressed in turn.

### A. The Federal Constitutional Claims

■ Howard County has moved to dismiss all claims brought against it directly under the United States Constitution or pursuant to 42 U.S.C. § 1983. The County correctly argues that while counties and other municipal governments can be held liable for damages under § 1983, they are not liable under the doctrine of *respondeat superior*. *See Baker v. Lyles*, 904 F.2d 925, 929 (4th Cir.1990) ("The doctrine of *respondeat superior* generally does not apply to § 1983 suits."). In its opposition to

---

1. Rebecca Martino was awakened and brought downstairs, along with two other minors located in a downstairs bedroom.

2. Since Jason Martino was not charged on the morning of July 17, he has not brought a claim for malicious prosecution, corresponding to counts 12 (James Martino) and counts 24 (Rebecca Martino).

the County's Motion, the Martinos concede that under federal law the County is not liable for any constitutional violations committed by its agents, Bell and Pierce. Accordingly, the County's Motion to Dismiss will be granted as to Counts 1–4, 9, 13–16, 21, 25–28, and 33. All of the above counts still stand against defendants Bell and Pierce.

## B. State Common Law Torts

■ In Counts 10–12, 22–24, and 34–35, the Martinos bring suit against all three defendants for the common law torts of wrongful arrest, false imprisonment, and malicious prosecution. Both Howard County and the individual officers have moved to dismiss these claims in their entirety based on non-compliance with the Maryland Local Government Tort Claims Act ("LGTCA"), MD.CODE ANN., CTS. & JUD. PROC. § 5–301 et seq. (1998 repl. volume).

■ The LGTCA governs the institution of suits alleging "damages resulting from tortious acts or omissions committed by an employee within the scope of employment with the local government." CTS. & JUD. PROC. § 5–302(a). Through enacting the LGTCA, the Maryland Legislature partially waived the traditional governmental immunity enjoyed by local governments. The LGTCA requires local governments to defend actions brought against their employees, and in certain circumstances, requires successful plaintiffs to execute judgments against the local government rather than the employee. See Pavelka v. Carter, 996 F.2d 645, 649 (4th Cir.1993). In conjunction with shifting some financial responsibility to local governments, the LGTCA requires a potential plaintiff to give the government notice of his claim within 180 days of the injury as a prerequisite to filing suit against a local government or one of its employees. See CTS. & JUD.PROC. § 5–304.

It is undisputed that the Martinos did not comply with the LGTCA's notice provision. The defendants argue this failure forecloses the Martinos' right to bring the state common law claims. The Court agrees and finds that the Martinos' wrongful arrest, false imprisonment, and malicious prosecution claims are procedurally barred.

The LGTCA explicitly conditions the right to sue either a municipality or its employees for common law tort damages on compliance with the terms of the Act. As such, the notice provisions apply to the plaintiffs' common law claims. Because no notice was given within the required time period, the present suit is procedurally barred.

■ The Martinos argue that a provision of the LGTCA, § 5–304, gives the court authority to waive the notice provision for good cause shown, unless the defendant shows that its defense has been prejudiced by the lack of notice. In their pleadings, the parties disagree as to whether the defendants have been prejudiced by the lack of notice. The Court need not consider the issue, however, because the plaintiffs have not met the threshold requirement of showing "good cause" for excusing their delay. See Downey v. Collins, 866 F.Supp. 887, 889–90 (D.Md.1994).

The plaintiffs have identified no circumstances preventing them from notifying the County of their grievances within the 180–day window. The conduct alleged in the Complaint occurred in July 1996. This suit was not filed until the end of January 1998, a year and a half after the incident and a year after the criminal proceedings against the Martinos had been terminated. The Court finds no good cause to excuse the failure to comply with the notice requirements and shall, by separate Order, grant both the Motions to Dismiss the state common law claims as to all three defendants.

■ An additional argument also requires dismissal of the common law claims as to Howard County. As previously noted, before enactment of the LGTCA, local

governments were immune for common law tort liability. The LGTCA provides that local governments will be liable for "any judgment against its employee for damages resulting from tortious acts or omissions committed by the employee within the scope of employment with the local government." *See* MD.CODE ANN., CTS. & JUD.PROC. § 5–303. The LGTCA does not, however, allow the Martinos to name Howard County directly in a common law tort suit. *See Dawson v. Prince George's County*, 896 F.Supp. 537, 539 (D.Md.1995). The Court adopts this reasoning an alternative basis for dismissing the state common law counts as to Howard County.

### C. The State Constitutional Claims

In counts 5–7, 17–19, and 29–31, the plaintiffs allege violations of the Maryland Declaration of Rights. The Complaint does not specify a specific provision of the Declaration, but presumably the plaintiffs are suing for violations of Article 24, Due Process,[3] or Article 26, Warrants.[4] The complaint alleges that the plaintiff's suffered illegal searches and arrests at the hands of Bell and Pierce. While arising from the same facts as the common law torts, the state constitutional torts require a different legal analysis.

■■ As an initial matter, this Court must determine whether a private right of action to remedy violations of the Maryland Declaration of Rights exists and, if a cause of action does exist, against which defendants may the plaintiffs seek redress.

The Maryland Court of Appeals has explicitly held that "a common law tort action for damages exists to remedy violations of Article 24 and Article 26 of the Maryland Declaration of Rights." *Clea v. City of Baltimore*, 312 Md. 662, 541 A.2d 1303, 1311 (Md.1988). In a later case, the Court of Appeals noted that it "has consistently held that a public official who violates the plaintiff's rights under the Maryland Constitution is personally liable for compensatory damages." *Ritchie v. Donnelly*, 324 Md. 344, 597 A.2d 432, 445 (Md.1991). Furthermore, "Maryland law provides no immunity for municipalities and other local government entities from suits based upon violations of state constitutional rights." *Ashton v. Brown*, 339 Md. 70, 660 A.2d 447, 462 (Md.1995). Accordingly, this Court finds that the Martinos have stated a valid cause of action directly against Bell and Pierce and against Howard County as their employer.

■ Nonetheless, in *Thomas v. City of Annapolis*, 113 Md.App. 440, 688 A.2d 448, 456 (Md.Ct.Spec.App.1997), Maryland's intermediate appellate court ruled that the LGTCA applied to "all torts without distinction, including intentional and constitutional torts."[5] Because the LGTCA applies to the Martinos I allegations that their state constitutional rights were violated, the Court finds that counts 5–8, 17–20, and 29–32 are procedurally barred by the plaintiff's non-compliance with the notice requirements of the LGTCA. The

**3.** Article 24 provides:

That no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty, or property, but by the judgment of his peers, or by the Law of the Land.

**4.** Article 26 states:

That all warrants, without oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places, or to apprehend suspected persons, without naming or describing the place, or the person in special, are illegal, and ought not to be granted.

**5.** The *Thomas* court relied on the Maryland Court of Appeals' decision in *Ashton v. Brown, supra*. In *Ashton*, the Court of Appeals struck down a unconstitutional ordinance enacted by the City of Frederick and ruled that the City and the officers who enforced the unconstitutional ordinance could be held liable for damages. Any judgments, however, under the LGTCA, were to paid by the City rather than the individual defendants. Thus, the Court ruled that the LGTCA applies to constitutional torts.

motions to dismiss will be granted as to all defendants on those counts.

## Conclusion

For the above stated reasons, the defendants' Motions to Dismiss shall be, by separate Order, GRANTED.