807 A.2d 149

Julius HARGROVE, et al.,

v.

MAYOR AND CITY COUNCIL OF BALTIMORE, et al.

No. 2873, Sept. Term, 2000.

Court of Special Appeals of Maryland.

Sept. 10, 2002.

Robert S. Rody (Rody & Rody, Chartered, on the brief), Baltimore, for appellants.

Brandi Phillips, Asst. City Solicitor (Thurman W. Zollicoffer, J., City Solicitor and William Phelan, Principal Counsel, on the brief), Baltimore, for appellees.

Argued before DEBORAH S. EYLER, GREENE and ROBERT L. KARWACKI (retired, specially assigned) JJ.

GREENE, Judge.

This case arises out of an auto-accident involving a Baltimore City police officer and appellants, Julius and Betty

Hargrove. Appellants filed suit in the Circuit Court for Baltimore City naming the Mayor and City Council of Baltimore and Baltimore Police Officer Bryan Keith Carter as defendants. The circuit court subsequently dismissed the case upon review of appellees' motion to dismiss. Appellants noted this appeal to present the following question for review:

Did the trial court abuse its discretion in denying appellants' motion for reconsideration of the order dismissing the case?

Perceiving no error by the trial court, we shall affirm its judgment.

## FACTS

On April 25, 2000, appellants filed suit against appellees, Mayor and City Council of Baltimore and Baltimore Police Officer Bryan Keith Carter, for damages arising out of an automobile accident. On September 8, 2000, appellees filed a motion to dismiss, asserting that appellants failed to provide the applicable notice in accordance with Md.Code (1973, 1998 Repl.Vol., 2001 Supp.), § 5–304 of the Cts. & Jud. Proc. Article ("CJ"). Appellants failed to file a response within 15 days or before the motions judge issued a ruling. On September 29, 2000, the court granted the motion to dismiss on the merits because appellants filed no opposition. This ruling constituted entry of a final judgment. Rule 2–601. Appellants did not appeal from this judgment.

On October 25, 2000, appellants filed a motion entitled, "Motion to Strike Order Dismissing Plaintiffs' Case with Prejudice," and requested a hearing. In addition, appellants filed a motion entitled, "Motion for Waiver of Notice Pursuant to CJ 5–304(c)." The court treated the motions as a "Motion for Reconsideration of the Court's Order of Dismissal, dated September 29, 2000." In the interest of clarity, we will refer to the two motions filed by the appellants as a Motion for Reconsideration. Because the Motion for Reconsideration was filed within 30 days after the entry of a final judgment, the court had discretion under Rule 2–535(a) to grant or deny

the motion.  *Eastgate v. Apper*, 34 Md.App. 384, 367 A.2d 82 (1977).

The court held a hearing in open court on January 29, 2001, concerning appellants' Motion for Reconsideration.  The court subsequently denied the motion.  From that decision, appellants filed this appeal.[1]

We will furnish additional facts as necessary during our discussion of the case.

## DISCUSSION

The Local Government Tort Claims Act (LGTCA) is set forth in CJ §§ 5–301 to 5–304.  Section 5–304, which governs actions for unliquidated damages brought against a local government, states:

(a) *Notice required.*—Except as provided in subsection (c) of this section, an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury.

(b) *Manner of giving notice.*—(1)  Except in Anne Arundel County, Baltimore County, Harford County, and Prince George's County, the notice shall be given in person or by certified mail, return receipt requested, bearing a postmark from the United States Postal Service, by the claimant or the representative of the claimant, to the county commissioner, county council, or corporate authorities of a defendant local government, or:

(i) In Baltimore City, to the City Solicitor;

(ii) In Howard County, to the County Executive;  and

(iii) In Montgomery County, to the County Executive.

---

1. Appellants filed notice of appeal on February 28, 2001.  Because appellants' Motion for Reconsideration was filed more than ten days after entry of judgment, the motion did not affect the time for noting an appeal.  Rule 2–534.  This timely appeal is, therefore, from the decision of the court on January 31, 2001, denying the appellants' Motion for Reconsideration.

(2) In Anne Arundel County, Baltimore County, Harford County, and Prince George's County, the notice shall be given in person or by certified mail, return receipt requested, bearing a postmark from the United States Postal Service, by the claimant or the representative of the claimant, to the county solicitor or county attorney.

(3) The notice shall be in writing and shall state the time, place, and cause of the injury.

(c) *Waiver of notice requirement.*—Notwithstanding the other provisions of this section, unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice, upon motion and for good cause shown the court may entertain the suit even though the required notice was not given.

The subject automobile accident occurred on April 21, 1999. Appellants failed to send appellees notice of their claim within 180 days from that date. On December 23, 1999, which was approximately two months beyond the required time period for notice, counsel for appellants drafted a letter that was addressed to the Claims Department of the Baltimore City Law Department. The letter was received on December 27, 1999. Consequently, appellants were not in compliance with the 180 day requirement provided by section 5–304(a).

Appellants do not dispute that their claim involved unliquidated damages, nor do they dispute that they failed to provide appellees with appropriate notice. They contend, however, that appellees were not prejudiced as a result of their insufficient notice, and that the trial court should have taken that into consideration when it made its decision. In support of this assertion, appellants direct the attention of this Court to section 5–304(c), in which mention is made of a showing by a defendant that "its defense has been prejudiced by lack of required notice."

We conclude that appellants are misreading this provision, and, therefore, we are not persuaded by the reasoning they apply. By their interpretation, appellants are disregarding the remainder of paragraph (c), which makes it very clear that

the trial court may consider whether the defendant was prejudiced only after the plaintiff files a motion with the court showing good cause for his or her failure to adhere to the notice requirement. Appellees argue, and we agree, that appellants never demonstrated to the trial court good cause for their failure to abide by the notice requirement.

We reiterate that which we stated in *Williams v. Montgomery County*, 123 Md.App. 119, 716 A.2d 1100 (1998), concerning the interpretation of a statute:

> The fundamental goal of statutory construction is to ascertain and effectuate the intention of the Legislature. The primary source for determining legislative intent is the language of the statute. We will read the statute in a natural and sensible fashion, assigning the words their ordinary and commonly understood meanings, absent evidence that the General Assembly intended a different meaning.

> * * *

> When there is no ambiguity or obscurity in the language of the statute, there is no need to look elsewhere to ascertain the intent of the legislative body.

*Id.* at 130, 716 A.2d 1100 (citations omitted).

In *Downey v. Collins*, 866 F.Supp. 887, 889 (D.Md.1994), the federal district court applied section 5–404, which was the former but identical provision.[2] The court said, "[t]ypically, a plaintiff must notify the municipality to be sued, and indeed plead notification in the complaint, in compliance with § 5–404(a) . . . ." Regarding that same point, this Court said, in *Madore v. Balt. County*, 34 Md.App. 340, 345, 367 A.2d 54 (1976), that "[t]he notice is a condition precedent to the right to maintain the suit, and compliance with the notice statute

---

**2.** In *Williams*, 123 Md.App. at 121, n. 1, 716 A.2d 1100 (1998), we noted that, "[o]n April 8, 1997, CJ §§ 5–401 to 5–404 were recodified without change at §§ 5–301 to 5–304."

should be alleged in the declaration as a substantive element of the cause of action."

The district court further noted in *Downey*, "[i]f the terms of subsection (c) are met, however, a failure to notify does not mandate dismissal." *Downey*, 866 F.Supp. at 889. The *Downey* court stated that good cause is a test "of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances." *Id.* at 889–90 (citing *Madore*, 34 Md.App. at 345, 367 A.2d 54).

In *Madore*, we discussed a trial court's determination as to whether the plaintiff has made a showing of good cause. We stated:

> The discretion with which all courts determine whether good cause has or has not been shown is broad. It involves the exercise of one of the most important judicial functions. A ruling made in the exercise of that discretion is entitled to the utmost respect. It should not be overturned by an appellate court unless there is a clear showing that the discretion has been abused—that the result falls outside its broad limits.

34 Md.App. at 346, 367 A.2d 54.

In the instant case, however, the determination by the trial court as to whether appellants showed good cause was not necessary because appellants never made an attempt to demonstrate good cause. Rather, they have merely continued to insist that the lack of prejudice to appellees is dispositive, irrespective of whether they have shown good cause for their failure to provide timely notice of their claim. It is not for the courts to determine whether good cause has been shown when appellants themselves have not even attempted to demonstrate to the courts how good cause was effectuated.

In any event, the only ascertainable reason that could be surmised as to why appellants did not comply with the notice requirement is their unawareness of the provisions. Unfortunately for appellants, "ignorance of the statutory re-

quirement does not constitute good cause." *Bibum v. Prince George's County,* 85 F.Supp.2d 557, 565 (D.Md.2000); *See also Williams,* 123 Md.App. at 134, 716 A.2d 1100.

In *Downey,* "the defendants implicitly concede[d] that they were not prejudiced by the delay." 866 F.Supp. at 889. The Court concluded that this fact was not significant, given that the plaintiff failed to show good cause for his delay in providing notice.

> Ultimately, a reasonably prudent plaintiff in the same circumstances would have filed notice within the statutory deadline. There has been no good cause shown for the delay, and subsection (c) is not applicable. The failure of the plaintiff to timely notify pursuant to the Local Government Tort Claims Act bars the plaintiff from bringing suit under the Act.

*Id.* at 890.

In *Williams,* the appellant had been injured after being struck by a county-owned vehicle. He sued the driver of the vehicle and the county, but failed to comply with the notice requirements of the LGTCA. Consequently, his suit was dismissed, and we affirmed that decision. Citing section 5–304(a) of the LGTCA, we declared:

> [E]xcept for good cause shown as provided in subsection c, an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section was given within 180 days after the injury.

*Williams,* 123 Md.App. at 127, 716 A.2d 1100 (internal quotation marks omitted).

The appellant in *Williams* asserted "that he showed 'good cause' for his failure to give notice in compliance with the statute." *Id.* at 132, 716 A.2d 1100. He argued that his failure to comply was "merely technical and can be excused due to the fact that the statute contains many requirements not readily known by the general practitioner." *Id.* We disagreed with these contentions, as we concluded:

The reasons for failing to give notice in *Madore* were far more compelling than those presented here. If the trial court in *Madore* did not abuse its discretion in failing to find "good cause" when a plaintiff was seriously injured and was without counsel during the 180–day notice period, it is impossible for us to say that the trial court in the case at hand erred. The only excuse appellant has for failing to notify the County Executive in the case *sub judice* was that his attorney was unaware of the requirement of CJ § 5–304. Contrary to appellant's argument, the requirements of CJ § 5–304 are not numerous or burdensome. Accordingly, we hold that the trial court did not abuse its discretion when it found, in effect, that ignorance of the law is no excuse when a party, represented by counsel, fails to give notice because he was unaware that notice was required.

*Id.* at 134, 716 A.2d 1100.

In *Heron v. Strader*, 361 Md. 258, 761 A.2d 56 (2000), the Court of Appeals reaffirmed that the burden rests with the claimant to establish the existence of good cause pursuant to § 5–304. In *Heron*, the Petitioner, David Reginald Heron, was arrested on August 24, 1997, and charged with various criminal offenses. *Id.* at 260, 761 A.2d 56. Subsequently, on March 3, 1998, he was acquitted of all charges. *Id.* He sent written notice on April 30, 1998, pursuant to the LGTCA, to Prince George's County informing the county of his intention to file a civil complaint against the arresting officers because of injuries stemming from his arrest and subsequent prosecution. *Id.* at 261, 761 A.2d 56. When the county moved to dismiss the case because of Heron's failure to provide timely written notice within 180 days after his injury, he countered that untimely notice should have been waived for good cause, because he had been involved with his criminal defense. *Id.* at 262, 761 A.2d 56. The circuit court dismissed the case because the notice was untimely. *Heron*, 361 Md. at 260, 761 A.2d 56. In an unreported opinion we affirmed the trial court. *Id.* "The [Court of Appeals] granted certiorari to determine whether the trial court erred in dismissing Petitioner's claims

of false arrest, false imprisonment, and malicious prosecution."
*Id.*

The Court of Appeals affirmed in part and reversed in part and remanded the case to trial court with instructions. *Id.* at 273, 761 A.2d 56. Pertinent to the case *sub judice,* is the Court's discussion of the waiver of notice requirement under § 5–304. First the Court noted:

> The question of whether good cause for waiver exists is clearly within the discretion of the trial judge. *See Downey v. Collins,* 866 F.Supp. 887, 889 n. 7 (D.Md.1994) (holding that the failure to discover the injury until the witnesses were found and the failure of the county to respond to the requests for materials were not sufficient to constitute good cause under § 5–304(c)).

*Id.* at 270, 761 A.2d 56 (footnote omitted).

> Second, the Court affirmed that:
> The test for whether good cause exists pursuant to § 5–304(c) is 'whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances.' *Westfarm [v. Washington Suburban Sanitary Comm'n],* 66 F.3d at 676–77 (citations omitted).

*Heron,* 361 Md. at 271, 761 A.2d 56.

In view of the authority cited, the Court held that the trial judge did not abuse his discretion in finding that the Petitioner's explanation for late filing under § 5–304 did not constitute good cause. *Id.* at 271, 761 A.2d 56. Moreover, the Court held that "[s]ection 5–304 requires simply that a written notice of time, place, and cause of the injury be sent to the county attorney within 180 days after the alleged injury. *See* § 5–304(a)(b). It does not require the institution or prosecution of the civil action." *Id.*

The Court conducted a survey of cases in other jurisdictions with regard to the definition of "good cause for late filing under public tort claims acts." *Id.* at 272, 761 A.2d 56. The Court concluded that "[w]hile courts generally consider a combination of factors, circumstances that have been found to

constitute good cause fit into several broad categories: [1] excusable neglect or mistake (generally determined in reference a reasonably prudent person standard); [2] serious physical or mental injury and/or location out-of-state; [3] the inability to retain counsel in cases involving complex litigation; and [4] ignorance of the statutory notice requirement." *Id.* (footnotes and internal citations omitted). The Court reaffirmed that Maryland has specifically rejected the ignorance of the law requirement as good cause. (Citing *Williams v. Montgomery County,* 123 Md.App. 119, 716 A.2d 1100 (1998).) *Heron v. Strader,* 361 Md. at 273 n. 13, 761 A.2d 56.

In the case *sub judice,* the trial judge, during the hearing on the appellants' Motion For Reconsideration, asked appellants' counsel for an explanation of why notice to appellees was untimely. Counsel never directly responded to the court's inquiry. Instead, counsel responded to the trial court's inquiry the same as he did to the inquiry during oral argument of this appeal. Appellant contended that appellees have failed to show any harm resulting from the untimely notice. In support of this contention, appellants note that appellees knew that the occurrence giving rise to appellants' injuries was a collision with a police vehicle because the accident was investigated by the police. Appellants' counsel therefore concluded that appellees had, at the moment of the police investigation, all that they needed; hence written notice within 180 days after the injury concerning the time, place and cause of injury was unnecessary. None of these assertions answer the question of whether appellants had good cause for filing an untimely notice. Rather, these arguments only address whether appellee was prejudiced by the lack of notice.

The trial judge gave a detailed and reasoned explanation for his denial of the appellants' Motion For Reconsideration. Citing *Heron, supra,* the trial judge summarized his findings and conclusions of law:

While courts generally consider a combination of factors, circumstances, [that] have been found to constitute good cause fit into several broad categories: excusable neglect or mistake, generally determined in reference to a reasonably

prudent person's standards. The plaintiff in this case filed a notice of claim 246 days rather than—and that was defective—rather than [within] 180 days.

They have offered to this court up until the present no good cause that would meet the test of excusable neglect or mistake.

For example, there has been no indication that during the critical period of time plaintiff's counsel was ill or otherwise distracted and could not perform the duties required by the statute. There were [sic] no excusable neglect in this case. There was no mistake in this case. There has been no argument and it should not be that counsel is not aware of the law or that he thought he had 360 days or 260 days or some mistake was made. This court has not been presented with any good cause as to why there was no timely compliance with the statutory requirement for notice of the claim within 180 days.

It is only upon that showing and that finding by the court, which would then trigger defendant to have to then proffer or present evidence to the court in affirmative showing that they were prejudiced by the delay. We don't get to part two unless part one is satisfied. Part one as to an excusable—some excuse that would amount to good cause for failing to comply with the 180–day requirement of the statute is woefully inadequate in this case. As a matter of fact, to this moment it is nonexistent.

The plaintiff's motion to strike the order dismissing the plaintiff's case with prejudice and for sanctions is denied.

It has also been referred to in the pleadings as defendant's motion for waiver of the notice, pursuant to Courts and Judicial Proceedings subsection 5–304(c) is likewise denied.

We agree with the trial court's interpretation of § 5–304. We hold that the trial judge did not abuse his discretion in denying appellant's Motion For Reconsideration. Without the showing of good cause by appellants for their failure to conform to the notice requirement, subsection (c) of section 5–

304 was inapplicable. Accordingly, the trial court was not required to consider whether appellees were prejudiced by the lack of the required notice. The trial court was correct, therefore, when it originally dismissed the case.

**JUDGMENT AFFIRMED;**

**COSTS TO BE PAID BY APPELLANTS.**